UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JAMES L. HEDGECOCK,

    Plaintiff,

v.                                                Case No. 3:18-cv-1456-J-34-PDB

FIRST COAST SERVICE OPTIONS,
INC., NORIDIAN HEALTHCARE
SOLUTIONS, LLC, NOVITAS
SOLUTIONS, INC., CAHABA
GOVERNMENT BENEFIT
ADMINISTRATION, LLC, PALMETTO
GBA, LLC as successor to CAHABA
GOVERNMENT BENEFIT
ADMINISTRATION, LLC,
GCS ADMINISTRATORS, LLC,
NATIONAL GOVERNMENT
SERVICES, INC., WISCONSON
PHYSICIANS SERVICES INSURANCE
CORP.,

    Defendants.
_____

## ORDER

**THIS CAUSE** is before the Court sua sponte. On December 7, 2018, Plaintiff initiated the instant action by filing a four-count Complaint (Doc. 1, Complaint) against eight different named Defendants. The Complaint asserts that "[j]urisdiction is vested in this court pursuant to diversity jurisdiction specifically § [sic]28 U.S.C. § 1332." Complaint at ¶ 40. Specifically, Plaintiff alleges that Plaintiff, Hedgecock is an individual "who resides in Orange County, California." Id. at ¶ 1. As for each of the Defendants, Plaintiff alleges that each is either a corporation "with its principal place of business" at a specific

1

address, "its primary place of business" at a specific address, or "with its business located" at a specific address. See id. at ¶¶ 2-9.

Federal courts are courts of limited jurisdiction and therefore have an obligation to inquire into their subject matter jurisdiction. See Kirkland v. Midland Mortgage Co., 243 F.3d 1277, 1279-80 (11th Cir. 2001). This obligation exists regardless of whether the parties have challenged the existence of subject matter jurisdiction. See Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999) ("[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking."). "In a given case, a federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." Baltin v. Alaron Trading, Corp., 128 F.3d 1466, 1469 (11th Cir. 1997).

Diversity jurisdiction requires complete diversity or that "all plaintiffs must be diverse from all defendants." Univ. of S. Ala., 168 F.3d at 412; see also Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 828 (1989) ("When a plaintiff sues more than one defendant in a diversity action, the plaintiff must meet the requirements of the diversity statute for each defendant or face dismissal"). The Eleventh Circuit has recognized that, for purposes of establishing diversity jurisdiction, "a limited liability company is a citizen of any state of which a member of the company is a citizen." Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004) (per curiam). Thus, to properly determine the citizenship of a limited liability company (LLC), the Court must consider the citizenship of each of its members. See id. In this regard, the Court

must receive information regarding the citizenship of all the members of a LLC, not just its managing members. Id. On the other hand, a corporation "'shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business.'" Hertz Corp. v. Friend, 559 U.S. 77, 80 (2010) (quoting 28 U.S.C. § 1332(c)(1)) (emphasis omitted). In alleging a corporation's principal place of business, the Hertz Court has adopted a

> "nerve center" test . . . . The "nerve center" refers to the place where a corporation's officers direct, control, and coordinate the corporation's activities. It is generally the place where the corporation maintains its headquarters — provided that the headquarters is the actual center of direction, control, and coordination, i.e., the "nerve center," and not simply an office where the corporation holds its board meetings (for example, attended by directors and officers who have traveled there for the occasion).

Wylie v. Red Bull N. Am., Inc., 627 Fed. Appx. 755, 757–58 (11th Cir. 2015) (citing Hertz, 559 U.S. at 92-93).[1] Thus, to sufficiently allege the citizenship of an LLC, a party must list the citizenship of each of the LLC's members, but to allege the citizenship of a corporation, a party must identify the states of incorporation and principal place of business. See Rolling Greens, 374 F.3d at 1021-22; 28 U.S.C. § 1332(c)(1).

Finally, in order to establish diversity over a natural person, a party must include allegations of the person's citizenship, not where he or she resides. Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994). A natural person's citizenship is determined by his or her "domicile," or "the place of his true, fixed, and permanent home and principal establishment . . . to which he has the intention of returning whenever he is absent therefrom." McCormick v. Aderholt, 293 F.3d 1254, 1257–58 (11th Cir. 2002) (quotation

---

[1] "Although an unpublished opinion is not binding . . . , it is persuasive authority." United States v. Futrell, 209 F.3d 1286, 1289 (11th Cir.2000) (per curiam); see generally FED. R.APP. P. 32.1; 11th Cir. R. 36–2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

and citation omitted). Accordingly, the assertions in the Notice as to Plaintiff, Hedgecock's, residence are insufficient to establish his citizenship for diversity purposes. See Taylor, 30 F.3d at 1367 ("Citizenship, not residence, is the key fact that must be alleged in the complaint to establish diversity for a natural person."); see also Miss. Band of Choctaw Indians v. Holyfield, 490 U.S. 30, 48 (1989) ("'Domicile' is not necessarily synonymous with 'residence[.]'").

On review of the Complaint, it appears Plaintiff has not alleged sufficient information to determine the citizenship of the parties to this action. In regard to his own citizenship, Plaintiff asserts that he "resides in Orange County, California." Complaint at ¶ 1. However, as explained above, the allegation of residence is not sufficient to determine an individual's citizenship for diversity jurisdiction purposes. Taylor, 30 F.3d at 1367. Plaintiff's allegations regarding the citizenship of the eight Defendants are equally deficient. First, four of the Defendants are denominated as LLCs. See Complaint at ¶ 3 (Nordian Healthcare Solutions, LLC); id. at ¶ 5 (Cahaba Government Benefit Administration, LLC); id. at ¶ 6 (Palmetto GBA, LLC); id. at ¶ 7 (GCS Administrators, LLC). However, in alleging the citizenship of these Defendants, the Plaintiff alleges facts that attempt to address the pleading requirements for corporations. See id. at ¶ 3 (". . . North Dakota corporation with its principal place of business located at . . ."); id. at ¶ 5 (". . . Alabama corporation with its business being located at . . ."); id. at ¶ 6 (". . . South Carolina corporation with its business being located at . . ."); id. at ¶ 7 (". . . Tennessee corporation with its business located at . . ."). However, as discussed above, the pleading standards for limited liability companies and corporations are different.

In this regard, Plaintiff must clarify whether the named Defendants are limited

4

liability companies or corporations. If, despite their names, they are corporations, Plaintiff must sufficiently allege the place or places in which each is incorporated, as well as the principal place of business for each. Conversely, if these Defendants are, as they appear to be, LLCs, Plaintiff must allege the citizenship of each of the Defendant LLCs' members.[2] Accordingly, the information presently before the Court regarding the aforementioned Defendants' citizenship is insufficient to invoke the Court's subject matter jurisdiction over this action.

As to the remaining Defendants, which Plaintiff denominates as corporations, see id. at ¶ 2 (First Coast Service Options, Inc.); ¶ 4 (Novitas Solutions, Inc.); id. at ¶ 8 (National Government Services, Inc.); id. at ¶ 9 (Wisconsin Physicians Service Insurance Corporation), Plaintiff's allegations do not comply with the pleading requirements of 28 U.S.C. § 1332, as discussed by the Supreme Court in Hertz. See Hertz Corp., 559 U.S. at 92-93. The allegations refer to the incorporated Defendants' place of business, which is not sufficient. Instead, Plaintiff must identify the principal place of business. As such, Plaintiff's allegations regarding citizenship of these Defendants are insufficient and must be amended.

For the forgoing reasons, the Court finds that Plaintiff's allegations as to his own citizenship and that of the Defendants are insufficient to permit the Court to satisfy its obligation to assure complete diversity exists before exercising jurisdiction over this action.[3] As such, the Court will afford Plaintiff an opportunity to file an amended complaint

---

[2] Plaintiff is advised that each member's citizenship must be properly alleged, be it an individual, corporation, LLC, or other entity.
[3] Indeed, carefully ascertaining the citizenship of the parties and whether the Court has subject matter jurisdiction over this action is more than just an academic exercise, as is evident from two recent Eleventh Circuit cases. See Thermoset Corp. v. Bldg. Materials Corp of Am., 849 F.3d 1313, 1316-1317 (11th Cir. Mar. 2, 2017) (vacating summary judgment order after three years of litigation where court determined on

in which he provides the Court with additional information to establish his own citizenship and that of Defendants, and thereby the Court's diversity jurisdiction over the instant action.[4]

Because the Plaintiff must file an amended complaint, the Court takes this opportunity to identify additional pleading deficiencies that should be addressed. The Court observes that in the Complaint, Plaintiff's factual allegations range from paragraph 1 to paragraph 39. However, for each of the Counts laid out in the Complaint, Plaintiff only realleges paragraphs 1 – 36. The Court further notes that two different Counts are assigned the number "IV," and the Plaintiff duplicates paragraph numbers 72-75 for those paragraphs that follow paragraph 82. See Complaint at ¶ 42 (Count I); id. at ¶ 56 (Count II); id. at ¶ 70 (Count III); id. at ¶ 76 (Count IV); id. at ¶ 72 (Count IV); id. at 12-14 (repeating paragraph numbers 72-75).

In respect to the factual assertions set forth in paragraphs 37-39, none of which are incorporated into any of the Counts laid out in the Complaint, the Complaint runs afoul of the Eleventh Circuit's prohibition against shotgun pleadings. See Weiland v. Palm

---

appeal that the pleadings below had not sufficiently alleged the citizenship of a defendant limited liability company, and upon further inquiry, found that the defendant limited liability company had a non-diverse member); see also Purchasing Power, LLC v. Bluestem Brands, Inc., 851 F.3d 1218, 1222, 1228 (11th Cir. Mar. 20, 2017) (discussing whether sanctions were warranted in a case where summary judgment was reversed on appeal after the appellate court discovered that the pleadings did not sufficiently allege the citizenship of the plaintiff LLC, leading to the realization that there was no diversity jurisdiction) ("While the requirements of diversity jurisdiction in this scenario are complicated, they are the law. No party in this case acted with bad intentions, but the result was a colossal waste of time and effort. We trust that the damage done to the parties' credibility, finances, and time is enough of a sanction to curb their conduct and to serve as a warning to future diversity jurisdiction litigants. In the end, when the parties do not do their part, the burden falls on the courts to make sure parties satisfy the requirements of diversity jurisdiction. We must be vigilant in forcing parties to meet the unfortunate demands of diversity jurisdiction in the 21st century.").

[4] The party seeking to invoke the Court's diversity jurisdiction bears the burden of establishing by a preponderance of the evidence that the jurisdictional prerequisites are met. See McCormick v. Aderholt, 293 F.3d 1254, 1257 (11th Cir. 2002); see also Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994) (noting that the "pleader must affirmatively allege facts demonstrating the existence of jurisdiction").

Beach County Sheriff's Office, 792 F.3d 1313, 1321-23 (11th Cir. 2015) (outlining four broad categories of impermissible shotgun pleadings). Among the types of shotgun pleadings vociferously rejected by the Eleventh Circuit are those which include "immaterial facts not obviously connected to any particular cause of action." Id. at 1322. By including facts in the Compliant, but not linking them to any of the specific Counts pled against the Defendants, Plaintiff violates the Eleventh Circuit's prohibition against such pleading.

The Eleventh Circuit had unequivocally instructed that shotgun pleadings are "altogether unacceptable." Cramer v. State of Fla., 117 F.3d 1258, 1263 (11th Cir. 1997); see also Cook v. Randolph County, 573 F.3d 1143, 1151 (11th Cir. 2009) ("We have had much to say about shotgun pleadings, none of which is favorable.") (collecting cases). Indeed, the Eleventh Circuit has engaged in a "thirty-year salvo of criticism aimed at shotgun pleadings, and there is no ceasefire in sight." See Weiland, 792 F.3d at 1321 & n.9 (collecting cases). As the Court in Cramer recognized, "[s]hotgun pleadings, whether filed by plaintiff or defendant, exact an intolerable toll on the trial court's docket, lead to unnecessary and unchanneled discovery, and impose unwarranted expense on the litigants, the court and the court's parajudicial personnel and resources." Cramer, 117 F.3d at 1263. When faced with the burden of deciphering a shotgun pleading, it is the trial court's obligation to strike the pleading on its own initiative, and force the plaintiff to replead to the extent possible under Rule 11, Federal Rules of Civil Procedure. See id. (admonishing district court for not striking shotgun complaint on its own initiative); see also Weiland, 792 F.3d at 1321 n.10 ("[W]e have also advised that when a defendant fails to [move for a more definite statement], the district court ought to take the initiative to

7

dismiss or strike the shotgun pleading and give the plaintiff an opportunity to replead.").

In accordance with the foregoing it is hereby

**ORDERED:**

1. The Complaint (Doc. 1) is **STRICKEN**.

2. Plaintiff shall file an amended complaint consistent with the directives of this Order on or before **January 2, 2019**. Failure to do so may result in a dismissal of this action.

**DONE AND ORDERED** in Chambers on this 12th day of December, 2018.

MARCIA MORALES HOWARD
United States District Judge

lc26

Copies:
Counsel of Record